USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/17/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, LEAGUE OF WOMEN VOTERS OF NEW YORK STATE, and CARMELINA PALMER,

        -Plaintiffs,

-against-

PETER S. KOSINSKI, DOUGLAS A. KELLNER, and ANDREW J. SPANO, solely in their official capacities as Commissioners of the New York State Board of Elections; and TODD D. VALENTINE and ROBERT A. BREHM, solely in their official capacities as Co-Executive Directors of the New York State Board of Elections,

        -Defendants.

**STIPULATED CONSENT ORDER**
Case No. 1:20-cv-05238-MKV
Hon. Mary Kay Vyskocil

---

**WHEREAS**, Plaintiffs filed a Complaint dated July 8, 2020, against Defendant New York State Board of Elections alleging that New York's existing absentee ballot verification procedures for absentee voting violate the First and Fourteenth Amendments of the United States Constitution, and

**WHEREAS**, the Defendants filed an Answer in this matter on August 19, 2020, and

**WHEREAS**, Plaintiffs and Defendants (collectively, the "Parties") have determined it is in the best interests of the Parties to avoid motion practice and enter a stipulation of settlement for the November 2020 Election in lieu of litigating a preliminary injunction, and

**WHEREAS**, on August 21, 2020 Chapter 141 of the Laws of 2020 was enacted, and on August 24, 2020 the Governor by Executive Order 202.58 modified Chapter 141 providing changes to cure procedures for ballot received post-election in 2020; and

**WHEREAS**, Chapter 141 and Executive Order 202.58 establish cure provisions related to absentee ballots that resolve some of the relief sought by Plaintiffs in the Complaint; and

**WHEREAS**, the parties have agreed to additional provisions set forth herein related to the November 3, 2020 general election; and

**WHEREAS**, nothing in this Stipulation shall be deemed an admission by either party and the parties further agree that this Stipulation is without precedential value, and without prejudice to the assertion of any claims, arguments, contentions and defenses whether or not otherwise alleged in the Complaint or Answer; and

**NOW, THEREFORE**, it is stipulated and agreed, by and among the Parties and hereby ordered by the Court that:

1. Defendant New York State Board of Elections shall issue binding instructions to New York's boards of elections in order to implement verification, notice, and cure provisions and procedures in conformity with Exhibit "A" which is incorporated herein for the November 3, 2020 General Election.

2. This Stipulation embodies the entire agreement of the parties.

By: /s/ *Joshua S. Margolin*
Joshua S. Margolin
Faith E. Gay
Katie Renzler
Shelby P. Rokito
Jordan Weatherwax
SELENDY & GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: (212) 390-9022
E-mail: jmargolin@selendygay.com

CAMPAIGN LEGAL CENTER
Danielle Lang (*pro hac vice* pending)
Dana Paikowsky (admitted *pro hac vice*)
Ravi Doshi (admitted *pro hac vice*)
Simone Leeper (admitted *pro hac vice*)
1101 14th St. NW, Suite 400
Washington, DC 20006
Telephone: (202) 736-2200
E-mail: dlang@campaignlegalcenter.org

*Attorneys for Plaintiffs*


**NEW YORK STATE BOARD OF ELECTIONS**

By: _____     9/17/2020

By: _____

Todd. D. Valentine, Co-Executive Director
Robert A. Brehm, Co-Executive Director
New York State Board of Elections
40 North Pearl Street -Floor 5
Albany, New York 12207
Telephone: (518) 474-6367


**SO ORDERED:**

_____
Honorable Mary Kay Vyskocil
United States District Judge


Dated: September 17, 2020
New York, New York

# EXHIBIT "A"

## ABSENTEE BALLOT OATH ENVELOPE CURE PROVISIONS

(a)     **Curable Absentee Ballot Envelope Defects.**

The following are curable defects related to an absentee ballot affirmation envelope:

   (1)    the affirmation envelope is unsigned; or

   (2)    an affirmation ballot envelope signature does not correspond to the registration signature and thus does not appear to verify the voter; or

   (3)     the affirmation envelope does not have the required witness to a mark; or

   (4)    the ballot is returned without an affirmation envelope in the return envelope: or

   (5)    the affirmation envelope is signed by the person that has provided assistance to the voter but is not signed or marked by the voter him/herself; or

   (6)    the voter has failed to sign the affirmation envelope and someone else has signed the affirmation (i.e. POA).

(b)     **Notice to the Voter.**

   (i)    <u>Notice to cure when ballot envelope received by board of elections before election day</u>.

Upon a bipartisan determination of the board of elections that any of the curable conditions in subdivision (a) have occurred, within one day of making such determination, the board of elections shall mail the voter a notice explaining the reason for such rejection and the procedure to cure the rejection.

The notice shall be sent to the absentee voter's address indicated in the registration records and, if different, the mailing address indicated on the absentee ballot application.

The board of elections shall also attempt to contact the voter by electronic mail and telephone, if such information is available to the board in the voter's registration

information or absentee application, to notify the voter of the deficiency and the opportunity and the process to cure the deficiency. If more than one email address is available to the board, send the notice to all email addresses in the voter's file. Any notification attempted by email shall include a copy of the notice and cure affirmation. If more than one phone number is available to the board, contact each phone number in the voter's file.

To the extent practicable, the board shall make at least three attempts, over at least two days, at different times of the day to contact the voter by telephone.

If upon reaching the actual voter and confirming the voter's identity by asking their name, date of birth, and voter registration address, the absentee voter then provides an email address to which such cure affirmation may be emailed, the board shall send the cure affirmation to the voter via email.

    (ii)    <u>Notice to cure when ballot envelope received by board of elections on or after election day</u>. As provided by Executive Order 202.58, issued on August 24, 2020, for a ballot received on or after November 3, 2020, the notice and cure affirmation shall be sent to the voter the same day the determination of a deficiency is made, as follows:

- If the board of elections has an email address for the voter, the board shall send the notice and cure affirmation to such email address. In such instance, no mailing need be made unless the email sent by the board bounces back as undeliverable. If the board of elections also has a telephone number for the voter, the board shall also make at least one attempt by telephone to alert the voter of the cure affirmation sent to their email address.

- If the board of elections has a telephone number for the voter and there is no email address available to notify the voter, the board shall call the voter to inform them of the need to cure, and shall mail the notice and cure affirmation to the voter on the same day that the determination of infirmity is made, unless upon reaching the actual voter and confirming the voter's identity by asking their name, date of birth and voter registration address, the voter then provides an email address to which such cure affirmation may be emailed or the voter indicates that the voter prefers to come to the board of election to complete the cure affirmation within the time required, in which case the cure affirmation shall be provided to the voter at the board.

- If the board of elections does not have an email or working telephone number for the voter a notice and cure affirmation shall be mailed to the voter, the same day the determination of deficiency is made.

The provisions of (b) (ii) of this section, as required by the Executive Order, will apply only for the November 3, 2020 election. Thereafter, notice procedures for ballots received on or after election day will be the same as for ballots received before election day.

(c)     **Form of Cure Affirmation.**

The voter may cure the aforesaid defects by filing a duly signed affirmation attesting to the same information required by the affirmation envelope and attesting that the signer of the affirmation is the same person who submitted such absentee ballot. The board shall include the form of such affirmation with the notice to the voter. The affirmation shall be either the same as, or substantially similar to, the form set out in (j) below.

(d)     **Deadlines for Cure.**

Pre-election envelope return cures. For any ballot envelope requiring a cure received before the day of the election, any cure affirmation must be filed (postmarked if by mail) with the Board of Elections on or before either the last day to apply for an absentee ballot or seven business days after notification by mail, whichever is later.

Post-election envelope return cures.   For any ballot envelope requiring a cure received on or after the day of the election, such cure affirmation shall be filed (postmarked if by mail) with the board no later than five days after notification is sent to the voter by email or mail or the voter is reached by phone. This post-election cure period will be effective only for the November 3, 2020 election. The Post Election return time frames set by the Executive Order, will apply only for the November 3, 2020 election. Thereafter, the time for Pre-Election and Post-Election Cure returns shall both be seven days.

Such cures may be filed with the boards of elections by email, facsimile, in person or by mail; provided, however, if the voter's *application* for the absentee ballot did not contain a "wet" signature (i.e. the voter applied via a portal or phone), the cure affirmation must be filed with the board via mail or personal delivery in accordance with the time frames set out above.

(e)     **Determination of Cure.**

Provided the board determines that such affirmation addresses the curable defect, the rejected ballot shall be reinstated and duly canvassed at the time of canvass. If the board of elections is split as to the sufficiency of the cure affirmation, such envelope shall be set aside for three days and then canvassed unless the board is directed otherwise by court order.

(f)     **Notice of Any Rejection.**

When the board of elections invalidates an absentee ballot envelope for any reason that is not otherwise curable, and this determination is made prior to election day, the voter shall be notified by mail, and email where available, of the rejection of their ballot. The rejection notification shall be sent within one business day of such rejection.

When the board of elections invalidates an absentee ballot envelope for any reason that is not otherwise curable, and this determination is made after election day, the voter shall be notified by mail, or email where available, of the rejection of their ballot. No rejection notification shall be required when an absentee ballot is laid aside because the voter has voted in person on election day or during early voting.

Whenever a cure affirmation is submitted prior to the day of election and is found to be insufficient, to the extent practicable the board of elections shall forthwith inform the voter of such finding and shall advise the voter of all then existing alternatives for voting.

(g)     **Special Provision Related to Unsealed Envelope.**

If an absentee ballot affirmation envelope is received by the board of elections prior to the election and is found to be unsealed and thus invalid, the board shall forthwith notify the voter of such defect and notify the voter of other options for voting, and, if time permits, provide the voter with a new absentee ballot.

Notwithstanding the foregoing paragraph, if the unsealed affirmation envelope is received in a fully sealed, but not taped, outer mailing envelope, such ballot envelope shall be treated as a ballot filed without an affirmation envelope and shall be curable by the filing of the cure affirmation. The affirmation envelope shall be immediately sealed by the board of elections without examining the ballot therein.

(h)     **Signature Comparison Standards, Procedure and Training.**

Prior to any staff person being assigned to do signature reviews, they shall be trained and prepared for such task in accordance with guidance developed by the State Board of Elections.

When a bipartisan team makes a preliminary ruling that the signature on the absentee affirmation does not match the voter registration signature on file, the decision shall be elevated to a manager. The bipartisan team of managers has full authority to overrule the initial determination of invalidity. If the managerial team, after reviewing the affirmation signature and all signature exemplars that the board has on file, affirms the initial finding of a signature mismatch, the cure procedures outline above shall be followed. If the initial signature comparison is conducted by the commissioners of the board of elections, managerial review of their initial determination of a mismatch shall not be required and the cure procedures outlined above shall be followed.

When verifying signatures, the bipartisan team shall keep in mind that everyone writes differently, and no one signs his or her name exactly the same way twice. Some variation in signatures is to be expected. There are many factors that can lead to signature variance, including but not limited to age, disability, underlying health conditions, writing implement/surface and level of concentration. Studies have shown that evaluators are more likely to declare genuine signatures to be non-genuine than they are to accept a non-genuine signature as genuine. We hope to prevent these errors. The bipartisan team shall presume that the documents were

signed by the same person. If any differences observed can be reasonably explained, the signature should be accepted.

**(i)     Additional Instructions For Absentee Ballot Envelopes As To Circumstances Not Requiring Cure.**

(1)     Undated or Wrongly Dated Voter Signature. An absentee ballot affirmation envelope that is undated or clearly has the wrong date (i.e. the wrong year or month) by the voter is not invalid, provided it is postmarked on or prior to Election Day and is otherwise received timely by the board of elections. This is not an invalidating defect and requires no cure.

(2)     Misplacement of Signature or Mark. A voter who signs or marks the ballot affirmation envelope at a place on the envelope other than the designated signature line shall not be invalidated for this reason. The signature or mark need only appear on the same envelope as the affirmation. This is not an invalidating defect and requires no cure.

(3)     Use of Ink or Pencil. A voter may use any combination of ink (of any color) or pencil to complete the ballot envelope.

(4)     Extrinsic Materials Exception. Any papers found in the affirmation envelope with the ballot shall not void the ballot if the papers are materials from the board of elections, such as instructions or an application sent by the board of elections.

(5)     Envelope Irregularities. Any extrinsic marks or tears on the ballot envelope that appear to be there as a result of the ordinary course of mailing and/or transmittal, shall not invalidate the ballot.

**(j)     Form of Cure Notice and Affirmation**

The notice to voter and cure affirmation shall be in substantially the following form and shall be a single form:

NOTICE TO VOTER:

Name of Voter: [insert name]
Address of Voter: [insert address]
Election District of Voter: [insert ED]

The absentee/affirmation ballot envelope containing the absentee ballot received from you by the board of elections for the [Election and Date of Election] has been preliminarily found to be invalid because [mark all that apply].

    [ ]    your ballot envelope was not signed by you

    [ ]    the signature on the ballot envelope does not appear to match your signature on file with the board of election

    [ ]    there is no required witness to your mark on the ballot envelope

    [ ]    your ballot was returned without being sealed in a ballot/affirmation envelope

    [ ]    your ballot envelope was signed by the person that provided assistance to you , but was not signed by you, the voter

    [ ]    you did not to sign the affirmation envelope and someone else has signed

If this defect is not cured by you by submitting this cure affirmation, the absentee ballot will not be counted:

You have until [Insert Date] to ensure that the attached cure affirmation is received by the board of elections so that your ballot envelope can be validated.

By filing the attached cure affirmation, you will provide the board of elections with the information needed to canvass and count your ballot.

Your cure may be filed with the board of elections in the following manner:

CURE AFFIRMATION OF VOTER:

I submitted the ballot envelope with the defect described above, and I am the voter described on the envelope.

I do declare that I am a citizen of the United States, that I am duly registered in the election district shown on the absentee ballot envelope and stated above, and I am qualified to vote in such district; that I will be unable to appear personally on the day of the election for which this ballot is voted at the polling place of the election district in which I am a qualified voter because of the reason given on my application heretofore submitted; that I have not voted in any other manner. .

I hereby declare that the foregoing is a true statement to the best of my knowledge and belief, and I understand that if I make any material false statement in the foregoing statement of absentee voter, I shall be guilty of a misdemeanor.

X_____
Signature / Mark of Voter

This Affirmation must be filed with the Board of Elections by:_____ in accordance with the directions below:

[ ] If you applied for an absentee ballot with an application that you signed, you may return this cure form to the board of elections by any of the following methods: emailing, faxing, mailing or delivering in person the form to the board of elections on or before the date listed above. If mailed, the form must be postmarked by the return date listed above.

[ ] If you did not sign an application for the absentee ballot and/or applied for one in some other way, you **must** return this cure form either by mail or in person at the board of elections. The returned cure form must either be postmarked by, or delivered in person by, the date listed above.

**(k)     Warning to Voters/Voter Education.**

As forms are changed in due course, NYSBOE will ensure voter registration forms, mail-in ballot request forms, and mail-in ballot envelopes include a warning to voters reminding them that their signature will be used to verify their identity.

In the interim, NYSBOE will immediately undertake a voter education campaign informing voters of the signature-verification requirements and the possibility of rejection for non-matching signatures. This will include at a minimum, notices on the NYSBOE website and local boards of elections' websites.

A component of the voter education message should be encouraging voters to provide their local election officials with their contact information (phone number and/or email) in order to improve notice in case of a signature mismatch or other curable defect. Such information is already listed on the Absentee Ballot application, but now should be encouraged to be provided.