USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, LEAGUE OF WOMEN VOTERS OF NEW YORK STATE, and CARMELINA PALMER,

      Plaintiffs,

-against-

PETER S. KOSINSKI, solely in the official capacity as Commissioner of the New York State Board of Elections, DOUGLAS A. KELLNER, solely in the official capacity as Commissioner of the New York State Board of Elections, ANDREW J. SPANO, solely in the official capacity as Commissioner of the New York State Board of Elections, TODD D. VALENTINE, solely in the official capacity as Co-Executive Director of the New York State Board of Elections, and Robert A. Brehm, solely in the official capacity as Co-Executive Director of the New York State Board of Elections,

      Defendants.

1:20-cv-05238-MKV

ORDER VACATING STIPULATED CONSENT ORDER

MARY KAY VYSKOCIL, United States District Judge:

  Upon further review and consideration, IT IS HEREBY ORDERED that the Stipulated Consent Order dated September 17, 2020 [ECF No. 37], is VACATED. There are no motions pending in this action. Indeed, the parties ask the Court to endorse their private agreement in lieu of litigating a preliminary injunction. This stipulation would thus operate as a consent decree. *See In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1025 (2d Cir. 1992) ("A consent decree is no more than a settlement that contains an injunction."). The parties are free to agree to their stipulation and it will be enforceable in accordance with governing law. *See, e.g.*, *In re Enron Creditors Recovery Corp.*, No. 09 Civ. 4168 (RJS), 2011 WL 1345254, at *4 (S.D.N.Y. Mar. 31, 2011) ("When parties enter into a stipulation, the agreement is enforceable as a contract." (citations omitted)); *N.Y. Bus Tours, Inc. v. Kheel*, No. 85 Civ. 4724(RO), 1985 WL 4410, at *1

(S.D.N.Y. Dec. 13, 1985) ("[O]rdinarily an action to enforce a stipulation is a state law contract action.").

However, the Court has not been asked to and has not analyzed the issues that might be framed by the complaint or might be framed by motion practice that the stipulation avoids. Accordingly, at this juncture, the Court cannot blindly lend its imprimatur and endorse the contents of the agreement between the parties. *See In re Masters Mates*, 957 F.2d at 1026 (noting that "where the rights of one who is not a party to a settlement are at stake, the fairness of the settlement to the settling parties is not enough to earn the judicial stamp of approval").

**SO ORDERED.**

Date: **September 18, 2020**
**New York, NY**

*Mary Kay Vyskocil*
**MARY KAY VYSKOCIL**
**United States District Judge**